E. S. MARTIN & SON COMPANY *vs.* THE JESSE L. HEDDEN COMPANY.

Washington.   Opinion April 23, 1910.

*Attachment.   Mechanic's Liens.   Pleading.   Surplusage.*

No lien claim need be set out in the declaration in a writ to entitle a plaintiff to attach property in a suit for labor and materials furnished in repairing a house where the personal defendant is also the owner of the property, and if one is set out it is immaterial or surplusage and is not subject to special demurrer.

On exceptions by defendant.   Overruled.

Assumpsit on an account annexed for "labor performed and materials furnished by the said plaintiff upon the house of said defendant."   The declaration also contained the following allegation :   "This suit is brought to enforce a lien claim for the above named sum for labor performed and materials furnished by the said plaintiff upon the house of said defendant, standing on a certain lot or parcel of land situated in the western part of said Eastport and commonly known as 'Shackford's Head,'" etc.   The defendant filed a special demurrer to the declaration assigning seven causes therefor.   The demurrer was overruled and the defendant excepted.

The case is stated in the opinion.

*L. D. Lamond*, for plaintiff.

*J. H. McFaul, and A. D. McFaul*, for defendant.

SITTING :   EMERY, C. J., PEABODY, SPEAR, KING, JJ.

SPEAR, J.   This case comes up on exceptions to the overruling of a special demurrer to the plaintiff's declaration, containing an account annexed and setting out a lien claim in the following language.   "This suit is brought to enforce a lien claim for the above named sum for labor performed and materials furnished by said plaintiff upon the house of said defendant standing on a certain lot or parcel of land,"

It appears from this declaration that the personal defendant was the owner of the house upon which the lien claim is sought to be attached. The defendant assigned seven causes for special demurrer all of which relate to the insufficiency of the declaration in setting forth the lien claimed upon the defendant's house. In a case where the personal defendant is also the owner, that part of the declaration relating to the lien cannot be reached by demurrer.

It was held in *Martin* v. *Darling*, 78 Maine, 78: "If the defendants alone are interested, as the contract for labor was made with them, and the property is attachable, a judgment for a lien would add nothing to the security which the plaintiff now has by virtue of his attachment. In such case and in the absence of general notice given, the law does not authorize judgment in rem to be given  .  .  .  .  but leaves the question to be settled by subsequent proceedings, if necessary."

*Laughlin* v. *Reed*, 89 Maine, 226, presents a similar case in which the court say: "Under these circumstances a valid judgment was rendered against the defendant Lincoln and no further judgment was authorized, or acquired, in order to make the property attached available for the satisfaction of the execution issued on the judgment in that suit."

Under these decisions it becomes entirely immaterial to the defendant in the case at bar whether the declaration setting forth the lien claim is good or bad. No lien claim is required to be set out to enable the plaintiff to attach the property of the defendant, and, if set out, becomes immaterial or surplusage. The personal defendant being the owner, the declaration on the account against him and the attachment upon the writ, were sufficient to bind him in both respects without further notice. There can be no occasion to pass upon the validity of the plaintiff's attachment until some third person, not personally liable, raises the question upon proper issue. In the meantime the questions raised by the demurrer are res inter alios.

*Exceptions overruled.*